UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT BECHTEL, ET AL                          CIVIL ACTION

VERSUS                                         NO.  13-5289

LIGHTHOUSE PROPERTY INSURANCE                  SECTION "N"  (1)
COMPANY, ET AL

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, American

Bankers Insurance Company ("American Bankers") **(Rec. Doc. 32)**.   Plaintiff has filed an

opposition memorandum (Rec. Doc. 36), and American Bankers has filed a reply (Rec. Doc. 46).

## I.    BACKGROUND:

Pursuant to the National Flood Insurance Program, American Bankers, as a Write-Your-

Own carrier, issued a Standard Flood Insurance Policy ("SFIP") to the plaintiffs, Robert Bechtel

and Allison Bechtel, for their home in La Place, Louisiana.  The SFIP had effective dates of June

27, 2012 to June 27, 2013, and provided Coverage A (building) policy limits of $203,500.00 and

Coverage B (personal property) policy limits of $26,300.00, both subject to a $2,000.00

deductible.

On August 29, 2012, Hurricane Isaac caused flood damage to the property.  After the

flooding, the Bechtels evacuated to Shreveport, Louisiana.  Shortly after they evacuated, Robert

Bechtel suffered a heart attack and was forced to remain in Shreveport for approximately one

month due to surgery.  Because they were at the hospital in Shreveport, neither Robert nor

Allison were present when their home was adjusted by representatives of American Bankers. Instead, they relied on Robert Bechtel's sister to observe the process.

On or about September 3, 2012, the plaintiffs submitted a claim to American Bankers for the flood damage caused by Hurricane Isaac.  On September 13, 2012, American Bankers issued a check (draft #34 214058) to the plaintiffs in the amount of $12,000.00 pursuant to Coverage B. On October 3, 2012, the plaintiffs executed a signed and sworn proof of loss in the amount of $108,791.72.   Also on October 3, 2012, Plaintiffs executed a building replacement cost proof of loss in the amount of $5,514.86, for a total proof of loss amount of $114,306.58.  On October 4, 2012, American Bankers issued a check (draft #34 215758) to the plaintiffs in the amount of $14,300.00, for a total of $26,300.00 (Coverage B policy limits) paid pursuant to Coverage B. Also on October 4, 2012, American Bankers issued a check (draft #34 215757) to the plaintiffs in the amount of $88,006.58 pursuant to Coverage A, for a total Hurricane Isaac claim payment of $114,306.58.13.

On December 6, 2012, the Bechtels supplemented their submission with an estimate from Dan Onofrey, a licensed contractor, setting forth and itemizing the damage to the plaintiffs' home and estimating the cost of repair at $275,326.17.  After receiving the estimate, American Bankers asked its adjuster to reevaluate the claim.  *See* Rec. Doc. 36-3.  The adjuster did not modify his estimate (*see id.*), and in a letter to the Bechtels' public adjuster, American Bankers denied the Bechtels' claim for additional payments, indicating that it disagreed that the additional damages identified were caused by the flood.  *See* Rec. Doc. 36-4.  The letter did not indicate that the denial was based on the Bechtels' failure to comply with the proof of loss requirements of the SFIP.

2

II.   **LAW AND ANALYSIS:**

American Bankers now seeks to dismiss the plaintiffs' claim on grounds that they failed to submit a signed and sworn proof of loss in support of the additional amounts sought, which are the subject of this lawsuit.  American Bankers argues that the plaintiffs' failure to do so causes their claim to be barred under Article VII(J)(4) (the proof of loss requirement), as well as Article VII(R) of the SFIP, which requires that a plaintiff comply with all policy requirements as a precondition to filing suit.

A.   **Standard on Summary Judgment:**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   If the issue is one on which the nonmoving party will bear the burden at trial, then "the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).   Once the moving party has carried this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).   "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."   *Id.* (quoting *Matsushita,* 475 U.S. at 587). "If the nonmoving party responds satisfactorily, the motion for summary judgment is denied, and the case proceeds to trial."   *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992).

  **B.**  <u>**SFIP Proof of Loss Requirement**</u>:

  The SFIP proof of loss requirement is found at Article VII(J)(4) of the SFIP and

provides:

> In case of a flood loss to insured property, you must:
> …
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>   a. The date and time of loss;
>   b. A brief explanation of how the loss happened;
>   c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>   d. Details of any other insurance that may cover the loss;
>   e. Changes in title or occupancy of the covered property during the term of the policy;
>   f. Specifications of damaged buildings and detailed repair estimates;
>   g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>   h. Details about who occupied any insured building at the time of loss and for what purpose; and
>   i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).  Following Hurricane Isaac, the Federal Emergency

Management Agency ("FEMA") issued bulletins authorizing extensions of this sixty-day

deadline, yielding SFIP policyholders a total of 240 days from the date of loss in which to submit

a proof of loss.  Rec. Doc. 32-9.

  It is undisputed that the plaintiffs submitted a timely sworn proof of loss as to the

undisputed amount, for which they accepted payment.  The issue is whether they were required

to submit a second sworn proof of loss in connection with the supplemental repair estimate

submitted on December 6, 2012, in order to seek those amounts in this lawsuit.  The great weight of authority holds that they were so required.  *See Dickson v. American Bankers Ins. Co. of Florida,* 739 F.3d 397 (8th Cir. 2014); *Gunter v. Farmers Ins. Co., Inc.*, 736 F.3d 768, 774-75 (8th Cir. 2013); *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76 (1st Cir. 2013); *Morin v. American Bankers Ins. Co. of Fla.*, 2014 WL 949424 (Africk, J.) (where plaintiffs submitted sworn proof of loss as to undisputed amounts but submitted only unsworn adjustor's estimate in support of supplemental claim, plaintiffs failed to comply with SFIP proof of loss requirement); *Clark v. FEMA,* 2014 WL 527655 (E.D. La. Feb. 7, 2014) (Feldman, J.) (where plaintiff submitted sworn proof of loss as to undisputed amounts but did not swear to accuracy of supplemental claim, "plaintiff's claims are barred as a matter of law"); *Fowl, Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 2013 WL 392599 (E.D. La. 2013) (Barbier, J.) (rule barring recovery in absence of timely sworn proof of loss "applies not only to initial claims...but also to additional and/or supplemental claims" and though plaintiff had filed sworn proof of loss for initial undisputed claim, its "failure to file a valid proof of loss statement in connection with its additional claim precludes this Court from ruling in its favor"); *Absolute Restoration & Remodeling v. Middleton*, 2011 WL 6141076 (S.D. Tex. 2011) ("The uncontroverted evidence shows that Middleton filed a timely proof of loss for $32,780.79, which Nationwide paid in full.  Any legal claim for an additional amount is barred unless supported by a supplemental sworn proof of loss filed within the sixty-day period."); *Verret v. La. Farm Bureau Mut'l Ins. Co.*, 2010 WL 3883369 *2, 6 (W.D. La. 2010) (Where plaintiffs had submitted a sworn proof of loss for which they were paid, but "admittedly did not provide a sworn proof of loss for the additional sums sought" in the lawsuit, "they did not meet the strict requirements to file a lawsuit to obtain further federal benefits under

the SFIP"); *Sutor v. FEMA*, 2009 WL 4268457 *4-5 (E.D. Pa. 2009)  ("The clear weight of authority dictates that SFIP policy holders must submit a proof of loss in support of each claim for loss, supplemental or otherwise."); *Messa v. Omaha Property & Cas. Ins. Co.,* 122 F. Supp. 2d 523, 530 (D.N.J. 2000)  ("Plaintiffs' failure to submit a proof of loss statement...for an amount in excess of that already paid by Omaha, represents a complete failure to comply with the federal regulations and the terms of their SFIP...and bars Plaintiffs' present claim for additional payment."); *cf. Stogner v. Allstate Ins. Co.*, 2010 WL 148291 (E.D. La. 2010) (Berrigan, J.) ("[I]t is clear that supplementary proofs of loss are required when a claimant requests more in the supplementary claim than in the original claim.  However, if the same amount is claimed, and only the decision is disputed, additional proofs of loss may not be necessary."); *Downey v. FEMA*, 2014 WL 248126 (E.D. La. 2014) (Zainey, J.) (following *Stogner*).  *But see Phillips v. FEMA*, 2014 WL 273144 (E.D. La. 2014) (Barbier, J.); *Courteaux v. FEMA*, 2014 WL 273146 (E.D. La. 2014) (Barbier, J.) (same); *Phillips v. State Farm Fire & Cas. Co.*, 2014 WL 295140 (E.D. La. 2014) (Barbier, J.) (same).   Although the Court has found no Fifth Circuit opinion directly addressing the SFIP proof of loss requirement in the same fact pattern presented here (*i.e.*, where a sworn proof of claim has been timely submitted for undisputed amounts but not for disputed supplemental amounts sought), the Fifth Circuit has been unwavering in mandating strict adherence to all SFIP requirements, including the proof of loss requirement, as a precondition to filing suit.  *See, e.g.*, *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.,* 542 F.3d 1053, 1055-58 (5th Cir. 2008).  Moreover, its unpublished opinion in *Richmond Printing LLC v. FEMA*, 72 Fed. App'x 92 (July 21, 2003), strongly suggests that a

supplemental proof of loss is required under the circumstances presented here.[1]   While the Court

acknowledges that the strictness of the SFIP requirements can produce harsh, even "draconian"[2]

results in a case such as this one, mitigating such stringency is outside the power of this Court.

Accordingly,

      **IT IS ORDERED** that motion for summary judgment filed by American Bankers

Insurance Company **(Rec. Doc. 32)**. is hereby **GRANTED**, and the plaintiffs' claims against

American Bankers are hereby **DISMISSED**.

      **IT IS FURTHER ORDERED** that the oral argument, presently set for April 2, 2014, is

hereby **CANCELED**.

      New Orleans, Louisiana, this 1st day of April, 2014.

                                 **KURT D. ENGELHARDT**
                                 **UNITED STATES DISTRICT JUDGE**

---

[1]  In *Richmond*, the plaintiff submitted an initial proof of loss for flood damage from Tropical Storm Francis, which was paid, and then submitted a detailed statement of losses including additional Francis flood losses of $359,485.  While this claim was pending, the property flooded again, and the plaintiff submitted a claim for the second flood.  72 Fed. App'x at 93.  FEMA denied both claims for failure to submit the proper form of proof of loss.  *Id.*  After suit was filed, the plaintiff settled with FEMA, and the only claims at issue on appeal were the plaintiff's claims against the adjusters handling the claim.  The plaintiff alleged that the adjusters had made misrepresentations regarding what information was required, as well as when and in what form the information had to be provided to FEMA in order to satisfy the proof of loss requirements of the SFIP.  *Id.* at 94.   The Fifth Circuit affirmed summary judgment in the adjusters' favor, holding that the plaintiff had a duty to read the terms of the SFIP and, thus, any reliance on the adjusters' representations to the contrary was unreasonable as a matter of law.  *Id.* at 98.

[2]  *Verret*, *supra*, 2010 WL 3883369 at 4.